Taliaferro, J.
This suit is brought on a policy of insurance, by which the plaintiffs allege that the defendants insured them against loss from the perils of the sea to the extent of four thousand dollars,, upon certain merchandize, worth $35,000, shipped by plaintiffs from Matamoras to New Orleans on the bark Honduras. They aver that the goods so shipped were much damaged, during the voyage, by becoming wet from contact with salt-water. That the loss from this cause amounts to $11,459 07. That the proportional amount of the loss which the Company is bound to them for is $3,274 02.
The defendants specially deny that the merchandize was injured by any of the risks insured against, and that the goods were damaged to the amount alleged by the plaintiffs. They deny that they were duly notified by the plaintiffs of the loss complained of, or, presented with the usual preliminary proof of the same. The defendants allege the prevalence of a custom, for many years, in New Orleans and the other principal seaports of the United States, and which they aver formed a part of the policy declared upon, which requires that the master of a vessel immediately *584 upon arriving in port, from a voyage during which, heavy weather has been experienced, to call a “ survey on the hatches ” of the vessel by the master and wardens of the port, to determine if they were well secured, whether the cargo in sight be dry or not and before breaking bulk, to ascertain the condition of the bales, packages, etc., generally, as being wet or stained by water, sweat of the hold, leakage, or otherwise. They aver that in this case the usage or custom alleged to prevail has not been observed by the master of the Honduras. That the responsibility therefore rests with the vessel, her master and owners, and not with the underwriters.
The plaintiffs had judgment for the amount claimed, and the defendants have appealed.
Each party litigant took a bill of exceptions to the ruling of the Court in regard to the admission of evidence. It will be unnecessary, in disposing of this case, to examine both the exceptions. The first is the one taken by the defendants. They excepted to the introduction of a specified bill of lading, on the ground of its irrelevancy, and that it is res inter alios acta. That it was offered in an attempt to prove by hearsay the shipment of goods, which could only be proved by direct and positive testimony.
To a specified document, showing the value in New Orleans of tho goods shipped by plaintiffs on the Honduras, they objected, on the ground that the liability of the defendants was for the value of the property insured at the place of shipment, and not at the place of destination. And lastly, the protest of the master of the Honduras, introduced to prove rem ipsam, was objected to as not being evidence against aby one except the parties who executed it.
We think the exception should have been sustained. It seems to be a settled principle in the estimate of loss arising from perils insured against, that the value of the property at the time and place of the inception of the risk is to be taken, and not that at the place of destination.
In this case, the merchandize insured was shipped from Matamoras, in Mexico, to New Orleans. The loss was estimated upon the value of the goods in New Orleans. We do not consider the invoice as legal evidence of the value of the goods. The judgment should have been one of non-suit.
It is therefore ordered, adjudged and decreed that the judgment of the District Court,be annulled, avoided and reversed. And it is ordered that this suit be dismissed without prejudice, the plaintiffs and appellees paying costs in both courts.
Parsons on Insurance, Yol. 2, p. 72, and notes; 1 Rob. 442; 1 M. 128.
Mr. Justice Howe, having been of counsel in the case, took no part in this decision.